The opinion of the court was delivered by
McEnery, J.
The defendant was indicted and tried for murder and convicted for manslaughter. He was sentenced to imprisonment at hard labor for five years.
His defence is that there was during the trial, a separation of the jury.
The deputy sheriff who had charge of the jury, in his testimony, on a motion for a new trial, says:
“ When we would take them to the rear in the daytime, some of them would be contrary and fool around. We would carry them to the privy that belonged to the court house, which was a privy in general use by anybody that wished to use it. The privy is about fifty yards from the court house and has several apartments in it, and is of wooden structure. The different sections are separated by a plank partition, and the front is surrounded by a high plank wall. When one, two or three wished to go, they would go on the outside, and the balance would stop on the outside of the wall in the shade of a wood pile, and those on the inside would be out of my view, and the view of those on the outside. * * * *
*1515 “ There was a separation of the jury on Saturday morning between 3 and 4 o’clock. At this time I was called by some of the jurors, stating that some of them had to retire, and upon their insisting on retiring, I took two of them out, locking the door upon those that remained in the court room. I took them down stairs, and they went into the yard, and I sat in the hall door of the court house watching them while they were there. Myself and those two jurors were entirely out of sight and hearing of the remaining ten while they were in the room.
“ At night the jury occupied the large court room. The entrance to the grand jury room is at the head of the grand stairway coming into the large court room. The main entrance at the head of the stairway to the main room could only be fastened from the outside, so that no one could pass through it, but it could be opened from the inside so that those inside could go out.
“The grand jury room on Friday night was occupied by some ladies and children. The deputy sheriff- in charge of the jury says that he does not know whether the husbands of these ladies occupied that room or not, but he saw the husbands here that day. Some jurors occupied the petit jury room that adjoins the grand jury room. One entrance of this petit jury room opened near the back door of the court room.”
The testimony shows that there was at least one well defined separation of the jury, when the two jurors on Saturday morning were taken down to the yard, and the remaining jurors were left, unattended, in a distant part of the court building.
There were opportunities for members of the jury remaining upstairs to communicate with persons in the court building. The jurors were accessible, and misconduct is presumed.
The separation of the jury, as disclosed by the testimony, is fatal to the prosecution. State vs. Warren, 43 An. 828; State vs. Foster, 45 An. 1176.
It is therefore ordered, adjudged and decreed that the verdict and sentence be set aside, avoided and reversed, and it is now ordered that the- case be remanded to be proceeded with according to law.